37668. BLACKWELL *v*. THE STATE.

DECIDED MAY 18, 1959.

*Atkins & Atkins, Ben S. Atkins, Dorothy D. Atkins,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller,* contra.

TOWNSEND, Judge. ■ In a prosecution for larceny, the very recent possession of the stolen property, unless explained to the satisfaction of the jury, will authorize a conviction. Code § 38-109; *Weeks v. State,* 66 *Ga. App.* 553 (18 S. E. 2d 503); *Hardy v. State,* 72 *Ga. App.* 101 (32 S. E. 2d 914); *Wakefield v. State,* 76 *Ga. App.* 271 (45 S. E. 2d 675); *Hansford v. State,* 83 *Ga. App.* 502 (64 S. E. 2d 459); *Yawn v. State,* 94 *Ga. App.* 400 (94 S. E. 2d 769). The evidence relating to the prosecutor's identification was amply sufficient to establish that the automobile in the defendant's possession was the same one which had been stolen from the witness. Other evidence that it was stolen after 1 a.m. on June 20th, and was in the defendant's possession at 7 a.m. that same morning in an isolated location where he was working on it presented a jury question as to the defendant's guilt. This is true even if the jury accepted all of the testimony of the defendant's mother as to the transaction between the defendant and another man called Volks which took place in her presence, as they might have considered whether such transaction constituted a bona fide transfer of property, or whether it, together with the transfer of the license tag, was merely an attempt to make it appear to the mother as well as others generally that the vehicle came into the defendant's possession legally, by creating a fictitious seller. The defendant's explanation of his contact with the apparently hypothetical Volks and his reasons for being unable to locate him were weak, and the jury had a right to disregard them in the absence of further corroboration. Accordingly, the general grounds of the motion for a new trial are without merit.

■ The single special ground contains affidavits of two witnesses, and seeks a new trial on the basis of newly discovered evidence. Aside from the fact that the matter set out in the

affidavits, if proved, would be in part hearsay, and of extremely slight probative value, the special ground is not complete so as to meet the requirements of Code § 70-205 in that there are no affidavits as to the residence, associates, means of knowledge, character and credibility of the proposed witnesses. The special ground was properly overruled.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*