## 39003. LIGHT v. THE STATE.

NICHOLS, Presiding Judge. 1. The defendant, on trial for the offense of driving an automobile under the influence of intoxicating liquors, commenced his statement to the jury with the words: "Well, gentlemen of the jury, this is my first time to ever be on the stand for anything like this." For the expressed purpose of impeaching the defendant, and over the objection that it placed his character in issue when the defendant himself had not done so, the State introduced the defendant's conviction five years previously of the same offense together with his plea of guilty in that case. The defendant sought, by the above quoted excerpt of his statement, to convey to the jury that he had never been charged with the offense of driving under the influence, and the record of the previous indictment together with the plea of guilty was properly allowed in evidence for the purpose of discrediting the defendant's statement. " 'A party to a case has the right to introduce all competent, relevant, and material evidence, either to prove the main issue involved, or to discredit the evidence of a witness for the opposite party.' *Tiller v. State,* 111 Ga. 840 (36 SE 201). Accordingly, on the trial of a criminal case the State may introduce any competent, relevant, and material evidence for the purpose of disproving the contention of the defendant, or for the purpose of dis-

crediting his defense, and it affords no valid ground of objection that such evidence may tend incidentally to put the defendant's character in issue. *Smith v. State,* 148 Ga. 467 (96 SE 1042)." *Owensby v. State,* 149 Ga. 19 (1) (98 SE 552). Accordingly, the trial court did not err in admitting such evidence over objection nor in overruling the defendant's motion for a mistrial made after such evidence was introduced.

2. Special grounds 4 and 5 assign error on two excerpts from the court's charge dealing with the subject of impeachment. Such excerpts, when considered in connection with the other portions of the charge on the same subject matter do not show any error.

3. The statement by the court in his instructions that witnesses are to be believed "unless impeached in some manner prescribed by law or otherwise discredited in your judgment" is not an expression of opinion by the court that the defendant's character has been placed in issue. Likewise the statement of the court that "you are not concerned with the punishment because *it* is a misdemeanor and the punishment is a matter for the court to determine" does not appear to be an expression of opinion that the defendant was guilty, since "it" would reasonably be understood to refer to the crime charged in the indictment, not to the guilt or innocence of the accused. Accordingly, special grounds 3 and 6 are without merit.

The trial court did not err in overruling defendant's motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED OCTOBER 24, 1961—REHEARING DENIED NOVEMBER 27, 1961.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error. *Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.