41129.   PATTERSON v. THE STATE.

DECIDED JANUARY 20, 1965.

*C. Winfred Smith,* for plaintiff in error.

*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* contra.

NICHOLS, Presiding Judge. ■ The sole special ground of the amended motion for new trial not abandoned by the defendant assigns error on the failure of the trial court to charge specifically "that intent to steal is an essential element of the crime of larceny from the house."

The trial court charged, with reference to larceny and in connection with the charge on burglary: "Now, if you find that the property described in the indictment was taken from its lawful owner or the person in custody of the same, but that it was taken by the defendant not with the intent to steal, but under a genuine and bona fide claim of right, you could not find that larceny occurred. There can be no larceny without the intent to steal and there can be no such intent where the taking is under a fair, honest bona fide claim of right. However, if you should find that the defendant found the goods alleged to have been stolen, took them and appropriated them to his own use, with intent to steal the same, with knowledge that the goods belonged to someone else and without making reasonable inquiry from the owner or person in custody of the goods, then you would be authorized to find that a larceny occurred. Whether any property was taken and whether it was taken with the intent to steal and without the consent of the owner or person in custody of the same are questions for you to decide under all the facts and circumstances of the case," and in connection with the charge on larceny from the house instructed the jury that the instructions with reference to larceny "which

involves the taking and carrying away of the personal goods of another with the intent to steal the same" were also applicable to the charge on larceny from the house.

The jury was properly instructed to determine the question of the defendant's intent, and the charge given met the requirement set forth in *Glaze v. State,* 2 Ga. App. 704 (3) (58 SE 1126), relied upon by the defendant and there was no failure to charge on such issue as was the case in *McKuhen v. State,* 102 Ga. App. 75 (1) (115 SE2d 625). The sole special ground of the motion for new trial not abandoned shows no reversible error.

■ The evidence showed that the defendant was found in possession of the stolen rifle within a few hours of the time it was allegedly stolen and the question of whether such possession was satisfactorily explained was a question for the jury. See *Blackwell v. State,* 99 Ga. App. 579 (109 SE2d 62). The trial court did not err in overruling the motion for new trial for any reason assigned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*