### 30772. MILLS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Rayford Mills was convicted on Indictment No. 104 for the offense of armed robbery and sentenced to 18 years imprisonment. He appeals to this court.

The evidence shows that about 10 a.m. on September 9, 1972, the Majik Food Market in Richmond County was robbed of about $300 by two black men. The clerk at the store saw the two men at the check-out counter. When she went to the counter to wait on them, one of them came up behind her with a gun and forced her to open the cash register and the store safe and took the money in them. They then forced her into a back room where they attempted to rape her. When she stated that she would rather be dead than submit, she was severely pistol whipped in the face and shot in the shoulder. She lost consciousness. When she recovered and went next door to an apartment house she collapsed again. The police were called. They arrived about five minutes after the robbery

occurred. The officers found the victim bleeding profusely and lying on the ground at the apartment house. They found large amounts of blood drippings leading back to the storage area at the store. They made fingerprints of all possible sites that persons commiting this type of crime might touch. The officers found a drink can on the counter with a fresh set of defendant's fingerprints on it. The victim gave the officers a description of her assailants but was not asked to identify the defendant at the trial.

Alex Collier, a co-conspirator, was called as a witness for the state. He testified that he had been tried and convicted of this armed robbery and that he did not know who else participated in it with him. At that point the prosecuting attorney asked for a hearing outside the presence of the jury in which he claimed surprise at the testimony because at the preliminary hearing, and during a conversation with Collier the previous week, Collier told him that Rayford Mills participated in the armed robbery. He requested the court to allow impeachment of the witness. The trial court granted the request. The jury returned to the courtroom. The prosecuting attorney asked Collier if he remembered stating at the commitment hearing that the defendant participated in the robbery. He admitted that he did. The witness testified further that he gave the testimony at the commitment hearing because he had been promised that he would be retried, would receive about a two year sentence which he had already served and would be released from prison. In rebuttal, the investigator testified that no hope of reward was given Collier when he told him of the defendant's participation in the robbery.

The evidence further shows that Alex Collier, while in jail, sent a message to the investigator of Richmond County that he wanted to talk with him. He told the investigator that he was serving 30 years for a crime in which Rayford Mills and Bobby Chinn participated; that they were in Mills' car when the robbery occurred; that he and Chinn had pistols; that they parked at the apartments next to the store; that Mills and Chinn went into the store; that they came running out in a few minutes; that Mills had the money bag; and that they divided the money. Collier testified at the preliminary

hearing to the same effect and when he and the investigator walked out of the hearing, Collier told him that "they" were threatening his loved ones. The investigator questioned him and offered to help but Collier stated, "No, if they threaten them again, I'm going to take care of it myself." The investigator warned him he would get into more trouble.

Collier testified that the conversation he had with the investigator concerning conduct directed toward individuals closely related to him did not have any bearing on his testimony.

The defendant submitted proof of his defense of alibi. *Held:*

1. The trial court did not err in overruling the motions for directed verdict and new trial.

In addition to the fingerprints of the appellant found on the drink can on the counter of the store, the investigator testified without objection as to the statement made to him by the co-conspirator, Collier. Compare *Starr v. State,* 229 Ga. 181 (190 SE2d 58) (1972); *Mallory v. State,* 230 Ga. 657 (198 SE2d 677) (1973).

"After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Code § 38-306. "The rule is that so long as the conspiracy to conceal the fact that a crime has been committed or the identity of the perpetrators of the offense continues, the parties to such conspiracy are to be considered so much a unit that the declarations of either are admissible against the other." *Chatterton v. State,* 221 Ga. 424 (5) (144 SE2d 726) (1965); *Evans v. State,* 222 Ga. 392 (15) (150 SE2d 240) (1966).

2. There was no error in denying a motion for mistrial on the ground that evidence of the attempted rape was inadmissible and prejudicial.

"Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae." *Floyd v. State,* 143 Ga. 286 (84 SE 971) (1915); *Williams v. State,* 223 Ga. 773 (1) (158 SE2d 373) (1967); *Fuller v. State,* 228 Ga. 546 (1) (186 SE2d 888) (1972); *Shouse v. State,* 231 Ga. 716 (8) (203 SE2d 537) (1974).

*Judgment affirmed. All the Justices concur, except*

*Ingram and Hill, JJ., who concur in the judgment only.*

SUBMITTED JANUARY 29, 1976 — DECIDED FEBRUARY 24, 1976.

*King, Phipps & Associates, C. B. King,* for appellant.
*Sam B. Sibley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.