## 53238. GRANT v. THE STATE.

QUILLIAN, Presiding Judge.
The defendant, James Burdshaw and Tommy Merritts, were indicted for the offenses of terroristic threats, two counts, and criminal possession of an incendiary. Defendant was acquitted of the two counts of terroristic threats, but convicted for criminal possession of the incendiary. He appeals. *Held:*

1. He enumerates as error, the failure of the court to direct a verdict of acquittal on the charges alleging terroristic threats. He argues that a verdict of acquittal was demanded by the evidence and the refusal to enter a directed verdict permitted the jury to consider "highly prejudicial evidence irrelevant to count three," the incendiary possession charge. He contends that the "prosecution inferred that the alleged Molotov Cocktail was somehow connected to the threats," and the refusal of the court to direct a verdict of acquittal at the close of the state's case, "prejudice[d] the appellant by allowing the jury to consider evidence wholly unconnected with the

charge of possession of an incendiary."

(a) We decline to follow the argument of defendant. This court held in *Henderson v. State,* 134 Ga. App. 898 (1) (216 SE2d 696), that the subsequent acquittal of a defendant rendered harmless alleged error in denial of a directed verdict of acquittal.

We will not speculate as to the reason for defendant's acquittal of the two counts alleging terroristic threats, but acquittal alone for those offenses would not prevent the prosecution from utilizing evidence admitted primarily to establish those offenses, if such evidence was also material and relevant to the remaining incendiary possession charge. Cf. *Kincaid v. State,* 137 Ga. App. 138 (1) (223 SE2d 152). For example, if a defendant made the statement to an alleged victim that unless he did a specified act he would be forced to "take other measures." Whether the defendant was charged with the offense of terroristic threats for uttering those words or was charged with and acquitted of terroristic threats alleging those words were a threat, would not prevent introduction of that statement and its use in argument to support an element of a charged offense of *criminal possession* of an incendiary weapon. The communication to an alleged victim of a statement to "take other measures" is material and relevant to prove the purpose and criminal intent in possession of an incendiary device. If such utterance tends to identify a defendant as the guilty party, or shows motive, plan, scheme, bent of mind, and course of conduct, it would be admissible. *McNeal v. State,* 228 Ga. 633 (5) (187 SE2d 271).

In addition such statements would be admissible as tending to show the animus or malice of defendant. *Lampkin v. State,* 145 Ga. 40 (1a) (88 SE 563); *Randall v. State,* 176 Ga. 897, 898 (169 SE 103); *Pierce v. State,* 212 Ga. 88, 89 (1) (90 SE2d 417); *Harrison v. State,* 60 Ga. App. 610, 614 (4 SE2d 602); see generally 22A CJS 414, Criminal Law, § 607. Here, the defendant denied the terroristic threats and possession of weapons, and when they talked to the state's witnesses, testified that the alleged incendiary device was in the automobile because he had visited the co-defendant when he was working on his car and "[h]e grabbed his rag and tools and bottle and

threw it in the back [of the car] and that was the end of it." The other defendant stated that he had drawn the gas out of his car to "prime the carburetor" but couldn't start his car. When the defendant arrived he "grabbed something out of the back, some stuff that goes on a Christmas tree and . . . stuck it down in the bottle and stuck it in the back of the car." The defendants were arrested at approximately 11:30 p.m., near the home of the alleged victim. Two pistols and the incendiary device were found in the car.

(b) One of the state's witnesses testified that the three defendants came to his house, looking for his wife's nephew. They were unsuccessful in locating him and told the witness that the nephew had robbed them of $5,700. The state's witness was called on the telephone and told that the caller was "one of the guys out there earlier that day. . .they wanted their money back. . . somebody knows where [the nephew] lives and [they] are going to get him and [their] money back, whatever it takes. . .if we have to fill your house full of lead." The next day someone called again attempting to locate the nephew. A policeman was listening on an extension phone. The caller asked the person "listening in" to hang up and then stated: "Somebody is still listening in. We are just going to drop the conversation now and we will proceed with step number three." Apparently, "step number three" involved the two pistols and the incendiary device as the three defendants were arrested by the police on stakeout duty at the home of the state's witness.

The Supreme Court, in *Merino v. State,* 230 Ga. 604, 605 (198 SE2d 311), held that "it constitutes reversible error for the trial court to refuse to direct a verdict of acquittal where there is absolutely no conflict in the evidence and the verdict of acquittal is demanded as a matter of law." Applying this test to the facts of this case, it was not error for the trial court to refuse to grant a directed verdict of acquittal. *Jones v. State,* 139 Ga. App. 643 (3) (229 SE2d 121).

2. Defendant alleges error was committed by the court in admission of (a) the two guns found in the car when defendants were arrested, and (b) "testimony as to the use and consequence of the use of a Molotov Cocktail."

We can not agree.

(a) Our Supreme Court has ruled that "circumstances forming a part or continuation of the main transaction are admissible as res gestae." *Shouse v. State,* 231 Ga. 716 (8) (203 SE2d 537); *Mills v. State,* 236 Ga. 365 (2) (223 SE2d 725). Nor does it matter that the act or transaction is another criminal offense and does not tend to establish the main offense. See *Williams v. State,* 223 Ga. 773 (1) (158 SE2d 373); *Fuller v. State,* 228 Ga. 546 (1) (186 SE2d 888); *King v. State,* 230 Ga. 581 (2) (198 SE2d 305). In *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600); the court held that "[e]vidence as to the time when and the place where arrested, the manner of the arrest, *how the accused was armed. . .* and all the circumstances connected with the arrest, are proper matters to be submitted to the jury to be weighed by them for what they are worth." (Emphasis supplied.) Thus, the evidence as to the finding of the pistols — here as in *Clements,* was admissible as part of the res gestae. *Cauley v. State,* 137 Ga. App. 814 (3) (224 SE2d 794).

(b) The state called an expert witness from the State Crime Laboratory who testified that the bottle found in possession of the defendants was a "Molotov Cocktail." It contained gasoline and a "wick." He testified as to the results which would happen if it were ignited and thrown. "It would definitely start a fire." Defendant objected to testimony as to "the results of the use of an instrument or object." The objection was overruled. We find no error. To the contrary, if the state had not proved this fact it is conceivable the defendant would be arguing that the state failed to prove its case. Code Ann. § 26-1405 (Ga. L. 1968, pp. 1249, 1284), of the Criminal Code is of recent origin. Our research reveals this is the first case appealed to this court. The Code requires the state to prove that the "molotov cocktail. . .[was] made of a breakable container containing a flammable liquid. . .[and] a wick. . .which, *when ignited, is capable of igniting such flammable liquid. . .*" (Emphasis supplied.) The state proved no more than it was required to prove. Objection by a defendant to evidentiary proof required by the statute he is charged with violating is meritless.

3. We have examined the remaining enumerations

and find that they are without merit and do not require discussion.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 11, 1977.

*J. M. Salome, Robert S. Windholz,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Russell Parker, Assistant District Attorneys,* for appellee.