## 55398. KING v. THE STATE.

BELL, Chief Judge.

Defendant was tried by the court and found guilty of the possession of heroin in violation of the Controlled Substances Act. *Held:*

1. The defendant's motion to suppress the evidence was denied. Defendant, after his arrest and while being interrogated for having pawned property recently stolen during burglaries in Savannah, Georgia, voluntarily consented to a search of his apartment for other stolen goods. During the ensuing search conducted in defendant's presence, paraphernalia associated with drug usage, i. e., a "cooker" and a hypodermic needle, were discovered under a pile of defendant's wife's clothing in the bedroom which led to the discovery of a concealed packet containing heroin in the bathroom. The original search of the apartment evidence of stolen property was admittedly authorized by the defendant and therefore lawful. When a police officer is conducting a lawful search, he may discover or seize anything, possession of which is unlawful or anything which is tangible evidence of the commission of a crime. *Stanley v. State,* 224 Ga. 259 (161 SE2d 309); *Butler v. State,* 130 Ga. App. 469, 473 (203 SE2d 558). The motion was correctly denied.

2. Defendant complains that the circumstantial evidence is insufficient as a matter of law to authorize his conviction for possession of heroin. He denied in his own testimony any knowledge that heroin was in the apartment. Defendant's main argument is that since the drug paraphernalia was found under his wife's clothing and he had no needle marks on his person, the equal access rule applies. Where a man and woman who are married are living together, the husband is the head of the household and it is presumed that contraband found therein was possessed by the head of household. *Thomas v. State,* 99 Ga. App. 25 (1) (107 SE2d 687). Whether this permissible inference is rebutted is a question for resolution by the trier of fact. This issue was resolved against defendant and we cannot hold that it was incorrect as a matter of law.

*Judgment affirmed. Shulman and Birdsong, JJ.,*

*concur.*

Submitted February 27, 1978 — Decided April 5, 1978 — Rehearing denied April 28, 1978 — Cert. applied for.

*Calhoun & Associates, John R. Calhoun, George M. Hubbard,* for appellant.

*Andrew J. Ryan, III, District Attorney, William O. Cox, Assistant District Attorney,* for appellee.