## 55578. WILLIAMSON v. THE STATE.

Shulman, Judge.

Defendant operated a trailer transporting business. This appeal follows his conviction for theft of a mobile home.

1. Defendant urges that there is no evidence in the record to support a finding that the mobile home was stolen. We disagree.

The circumstances surrounding the removal of the mobile home by defendant's work crew were sufficient to authorize a finding that it was taken without the owner's consent.

Although a permit to move this mobile home was required by law, no permit was obtained. In order to avoid permit inspectors, the trailer was picked up at about 7:00 a.m. A member of the defendant's pick-up crew (who was arrested for theft of this mobile home) told the manager of the trailer park that the mobile home was being hauled for a certain trucking company. The company named was not connected with the defendant. Law enforcement officials located the trailer on the farm on which defendant resided. An inspection of the trailer showed that the serial number had been altered. A person driving defendant's truck was apprehended at the scene. That person produced a bill of origin which matched the altered serial number, but not the description, of the trailer involved herein.

The secreting of the trailer on the farm was evidence of an unlawful appropriation with the intent to deprive. *Bennett v. State,* 141 Ga. App. 795 (1) (234 SE2d 327). The totality of the circumstances authorized a finding that the mobile home had been taken without the owner's consent. See *Reece v. State,* 125 Ga. App. 49 (2) (186 SE2d 502).

2. Appellant argues that reversal is required because there is no corroboration of the testimony of defendant's employee implicating appellant in the removal of the mobile home.

This is not a case where the defendant's guilt of theft of the trailer is wholly dependent on the inference arising from possession of the trailer on defendant's residence, and such possession is shown by uncontradicted and unimpeached testimony to be consistent with his innocence. Compare *Cox v. State,* 109 Ga. App. 797 (137 SE2d 516). At trial, defendant's employee positively testified that he was instructed by the defendant to take the mobile home and deliver it to the farm on which defendant resided. See *Herring v. State,* 122 Ga. App. 730

(178 SE2d 551).

Under the facts of this case, it is questionable whether the employee possessed the requisite criminal intent to be an accomplice (see *Lamar v. State,* 137 Ga. App. 407 (224 SE2d 69)), and therefore whether corroboration is necessary. *Ware v. State,* 18 Ga. App. 107 (2) (89 SE 155). Assuming, but not deciding, that defendant's employee was an accomplice, the evidence of the accomplice is supported by other evidence that the defendant was in possession of stolen property after the theft. This corroboration is sufficient. *Rowland v. State,* 141 Ga. App. 643 (234 SE2d 183).

3. Appellant's contention that the court erred in failing to charge the jury, without request, on the law governing the testimony of an accomplice is controlled adversely to appellant by *Durham v. State,* 41 Ga. App. 421 (2) (153 SE 222).

Moreover, " '[a]s the State did not rely wholly on the evidence of the alleged accomplice to connect the accused with the offense, it was not incumbent upon the court, without request, to instruct the jury touching corroboration.' [Cit.]" *Carter v. State,* 227 Ga. 788, 794 (5) (183 SE2d 392).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 23, 1978.

*Gibson, McGee & Blount, Lamar Gibson, Delman L. Minchew, Baker McGee,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.