## 35523. BOLING v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of murdering his estranged wife. At the time of the homicide, the deceased was living with her mother, brother, and sister-in-law. The appellant had come to their house to pick up the deceased and their child in order to take the child to the hospital. After the appellant arrived, the other members of the deceased's family left the house. The following day, the deceased's corpse was discovered lying underneath a bed in the house. The deceased's body had bruises and marks about the neck and head, and there was evidence that she had been pushed underneath the bed.

The appellant was discovered driving in the vicinity of the house with the child. The appellant was arrested by police, and, although he admitted to having a scuffle with the deceased, he stated that she was all right when he left her. Subsequently, upon being interrogated by the police, the appellant admitted that he had gotten into a fight with the deceased and knocked her to the floor. When he was unable to revive her by pouring water on her, he pushed her body underneath the bed.

At trial, evidence was introduced concerning prior fights between the appellant and the deceased. The appellant took the stand and testified that he and the deceased were fighting, and she was about to throw a vase at him. He was afraid the vase might hit the baby, so he pushed the deceased onto the couch. He grabbed her, but he only intended to restrain her until she calmed down. She got one of her arms loose and started swinging. He did not remember anything further until he saw her lying on the bedroom floor. He panicked and pushed her body underneath the bed. He then straightened up the house and left.

The physician performing the autopsy testified that his examination of the deceased's body showed some bruising around the eye and underneath the scalp, as well as several fingernail marks around the neck and throat. The deceased died from asphyxia, at least a part of which was caused by choking.

1. The trial court did not err in refusing to give the appellant's request to charge on involuntary manslaughter.

"There are two types of involuntary manslaughter, both involving the death of another human being 'without any intention to do so.' Code Ann. § 26-1103. Subsection (a) of that Code section concerns itself with the first type of involuntary manslaughter, which is applicable only to those cases wherein death results 'by the commission of an unlawful act *other than a felony.*' . . The second type of involuntary manslaughter applies to those cases where death results 'by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm.' Code Ann. § 26-1103(b)." *Braxton v. State,* 240 Ga. 10, 14 (239 SE2d 339) (1977).

The trial court did not err in refusing to charge the jury under Code Ann. § 26-1103(a), because the unlawful act engaged in by the appellant in causing the victim's death was aggravated assault, a felony. Code Ann. § 26-1302. Although fists per se are not "deadly weapons" within the meaning of Code Ann. § 26-1302, in a particular case, they may be found to be deadly weapons depending upon such things as the manner and means of their use and the wounds inflicted. *Kirby v. State,* 145 Ga.

App. 813 (4) (245 SE2d 43) (1978); *Quarles v. State,* 130 Ga. App. 756 (2) (204 SE2d 467) (1974) and cits. Nor did the trial judge err in refusing to charge the jury under Code Ann. § 26-1302(b), as there is no evidence of any lawful act committed by the appellant when he caused the victim's death.

Under the evidence, the appellant was guilty of either murder, voluntary manslaughter, or justifiable homicide by reason of self-defense. The trial judge fully charged the jury on each of the foregoing principles of law, and we find no error.

2. The trial court did not err in overruling the appellant's motion for new trial on the general grounds. The evidence is sufficient to support a verdict of guilty by a rational trior of fact.

3. The trial court did not abuse its discretion in overruling the appellant's motion for a continuance. *Brawner v. State,* 221 Ga. 680 (146 SE2d 737) (1966).

4. The trial court did not err in failing to dismiss the jury panels after a prospective juror testified that she had heard the case "discussed by certain authorities" and "seen certain evidence." This juror was later questioned outside of the presence of the other jurors, and it was determined that she had not discussed with any of the other jurors the case or the evidence she had heard concerning it. The juror was then excused by the trial judge. This curative action taken by the trial judge was sufficient to eliminate any prejudice that may have been caused to the appellant. Had the appellant wished any further action to be taken by the trial judge, he should have requested it. See *Scott v. State,* 229 Ga. 541 (6) (192 SE2d 367) (1972). This he did not do. We find no error.

5. The trial judge did not err in admitting the testimony of the victim's mother that, approximately three weeks prior to the victim's death, she and the victim were at a laundromat; that the appellant came to the laundromat, and the victim left the laundromat with the appellant; that when the witness saw the victim again, she was crying, and she was wearing a scarf that she had not been wearing before; that the next morning, the witness observed bruise marks on the victim's neck.

The appellant argues that this testimony should have been excluded, because it had the effect of putting his character in issue. We disagree. On a trial for murder, evidence of recent prior difficulties between the defendant and the deceased is admissible as shedding light on the state of feelings between the accused and the deceased and showing motive. *White v. State,* 242 Ga. 21 (247 SE2d 759) (1978); *Evans v. State,* 227 Ga. 571 (181 SE2d 845) (1971). Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue. *Wyatt v. State,* 206 Ga. 613 (57 SE2d 914) (1950); *Light v. State,* 104 Ga. App. 839 (123 SE2d 201) (1961). See generally Agnor's Ga. Evid. 169, § 10-5.

6. The trial court did not abuse its discretion in admitting in evidence a photograph of the victim taken several weeks prior to her death. Where they are relevant on the issues in the case, photographs of the victim of the crime are admissible. E.g., *Edwards v. State,* 233 Ga. 625, 627 (212 SE2d 802) (1975). Here, the photographs became relevant in that the defense asserted by the appellant was self-defense, and the photograph showed the victim's size.

7. The trial court did not err in admitting testimony concerning statements made by the appellant to law enforcement officials, in which the appellant admitted that he had gotten into a fight with the deceased; that he had grabbed her around the neck and slapped her, knocking her down; that he had tried to revive her with water; and that when he left, she was on the floor.

Since the appellant testified to essentially the same facts at trial, we fail to see how he could have been harmed by the complained-of testimony. In any event, after holding a Jackson v. Denno hearing outside of the presence of the jury, the trial court ruled that the appellant made these statements freely and voluntarily after he had been advised of his right to have an attorney present and after he had expressly waived that right. We find no error on the part of the trial court in ruling that these statements made by the appellant were admissible in evidence. See, e.g., *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975).

8. Viewing the trial judge's charge as a whole, we

conclude that he did not violate Code § 81-1104 by expressing or intimating his opinion as to what had been proved.

9. The trial court did not commit reversible error in failing to charge the jury on the defense of misfortune or accident under Code Ann. § 26-602.

The evidence, which showed that the victim died from asphyxiation caused by the appellant's choking her, was inconsistent with the contention of accident. *Williams v. State,* 232 Ga. 203 (206 SE2d 37) (1974); *Rogers v. State,* 137 Ga. App. 319 (2) (223 SE2d 456) (1976); *Boyd v. State,* 133 Ga. App. 431 (1) (211 SE2d 387) (1974). In addition, the main defense advanced by the appellant was self-defense. "When a person claims to be acting in self-defense, as was the appellant, the defense of accidental killing is not involved. *Dobbs v. State,* 132 Ga. App. 368 (208 SE2d 178) (1974)." *Todd v. State,* 149 Ga. App. 574, 575 (254 SE2d 894) (1979).

10. The trial judge's charge to the jury on justification in the use of force in defense of self was a correct statement of the law under Code Ann. § 26-902. When the charge is read in its entirety, it can not be said that the trial judge committed reversible error in failing to specifically charge the jury that it would be their duty to acquit the defendant if they believed he was justified in committing the killing. See *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975).

*Judgment affirmed. Nichols, C.J., Undercofler, P.J., Jordan, Hill and Bowles, JJ., concur.*

SUBMITTED OCTOBER 12, 1979 — DECIDED DECEMBER 5, 1979.

*McCutchen & Dimmock, J. Carey Hill, Elizabeth Glazebrook,* for appellant.

*Frank C. Mills, III, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.