59954. CLEVELAND et al. v. THE STATE.

QUILLIAN, Presiding Judge.

The defendants, husband and wife, appeal their convictions for violation of the Georgia Controlled Substances Act. *Held:*

1. (a) Our laws provide for the direction of a verdict of acquittal (Code Ann. § 27-1802; Ga. L. 1971, pp. 460, 461) and where the evidence demands a verdict of acquittal the failure of a trial judge to so direct a verdict is reversible error. *Bryan v. State,* 137 Ga. App. 169 (2) (223 SE2d 219). Appellee's argument to the contrary is predicated on obsolete and superseded authority.

(b) The arresting officers, after observing the house where the defendants, husband and wife, lived, obtained a search warrant for the premises. One of the officers testified that when they knocked on the door and identified themselves as police, he saw the defendant wife run towards the bathroom. The officers kicked down the door and forced their way into the bathroom where they found the defendant wife and an unidentified male. The commode had been flushed but there was a plastic bag containing marijuana and particles of marijuana still floating in the water. The defendant husband was in the living room with two other persons. Insofar as the record reveals, he had no marijuana in his actual possession.

"In the case of a dwelling home, occupied by a single family, the contents therein, including any drugs, may be inferred to have been in the possession of the head of the household." *Sisson v. State,* 141 Ga. App. 559, 560 (3) (234 SE2d 146). " 'In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the

household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable.' " *Barron v. State,* 46 Ga. App. 829 (1) (169 SE 323). Accord, *King v. State,* 145 Ga. App. 789 (2) (245 SE2d 310). This is true, "even though the wife pays the house rent and supports the husband." *Patterson v. State,* 8 Ga. App. 454 (69 SE 591). Although there having been many changes regarding the husband-wife relationship, Code § 53-501 on which this legal principle is predicated remains unamended and inviolate.

Here, although the defendant wife owned the home, the jury was authorized to infer that the defendant husband, as head of the household, was in constructive possession of the contraband.

The defendant wife was found, along with an unidentified man, in the bathroom where marijuana was being flushed down the toilet. Despite her explanation that the man was in possession of the marijuana, the jury was authorized to determine at least that the two were acting in concert. See *Latimer v. State,* 134 Ga. App. 372 (2) (214 SE2d 390).

It was not error to fail to direct a verdict of acquittal in favor of the defendants. From the evidence adduced at trial a rational trier of fact could have found the defendants guilty beyond a reasonable doubt.

2. A witness for the state, in explaining the circumstances leading to the defendant's arrest, related that prior to obtaining a search warrant for defendant's house he observed the house for "approximately two hours." He then responded to the following question: "What was the activity down there?", by answering: "Several visitors visitors [sic] in and out, these visitors were known as drug users." Counsel for defendants then objected and moved for a mistrial on the grounds that the evidence was prejudicial in that it put the defendants' character in evidence and had no bearing on the offense with which they were charged.

Regardless of whether the testimony be construed as attributing to the defendants' unlawful conduct or merely that they kept "bad company," we find no reversible error.

In this case the state had the burden of establishing the defendants' guilt and overcoming their testimony that they had no knowledge of the presence of marijuana on the premises. The testimony was offered in explanation of the grounds for a search and tended to refute the contention that the defendants were unaware of any marijuana. "The circumstances, acts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate it, are part of the res gestae." *Alvaton Mercantile Co. v. Caldwell,* 34 Ga. App. 151 (5) (128 SE 781). Accord, *Shouse v. State,*

231 Ga. 716, 718 (8) (203 SE2d 537); *Mills v. State,* 236 Ga. 365, 367 (2) (223 SE2d 725). Moreover, circumstances concerning the acuseds' arrest are admissible even if they incidentally show the commission of another crime. *Moss v. State,* 144 Ga. App. 226 (240 SE2d 773); *Respess v. State,* 145 Ga. App. 570, 571 (244 SE2d 251); *Newman v. State,* 239 Ga. 329, 330 (236 SE2d 673). See also *Arnsdorff v. State,* 152 Ga. App. 515 (6) (263 SE2d 176) which permitted testimony to explain the conduct of the police in their decision to arrest the defendant.

Assuming arguendo, as urged by defense counsel, that the testimony tended to show the defendants committed an independent crime, we find no error. Evidence which shows the defendant has committed another independent crime is admissible where "the two crimes are logically connected in point of time and so similar that proof of one tends to prove the other, i.e., where the extraneous crime tends to prove motive or intent or course of conduct." *Hopkins v. State,* 144 Ga. App. 663 (1) (242 SE2d 325). In the *Hopkins* case this court held that evidence the "defendant had on 'Saturday' transferred a quantity of heroin shows a logical connection in point of time to the crime charged and bears on defendant's intent or motive to violate the Control Substances Act by selling heroin."

We therefore find no error in the trial judge's refusal to sustain an objection to the testimony or to declare a mistrial.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED MAY 13, 1980 — DECIDED JUNE 20, 1980 — REHEARING DENIED JULY 14, 1980.

*Jane Kent-Plaginos,* for appellants.
*Howard Oliver, Jr.,* Solicitor, for appellee.