## 60189. RICHARDSON v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction for theft by taking.

1. The state's motion to dismiss the appeal is denied. *Cambron v. Canal Ins. Co.,* 246 Ga. 147 (1980).

2. The evidence supports the verdict. *Lockett v. State,* 153 Ga. App. 569 (266 SE2d 236) (1980); *Leachman v. State,* 132 Ga. App. 423 (208 SE2d 196) (1974). "In a prosecution for larceny the recent possession of the stolen property not satisfactorily explained will authorize a conviction. Ordinarily the question of whether or not the explanation of such possession is satisfactory so as to at least raise a reasonable doubt as to the accused's guilt is a question for the jury." *Blackwell v. State,* 99 Ga. App. 579 (1) (109 SE2d 62) (1959). Arguments that appellant was not in "possession" of the stolen property because the title to the land on which the property had been hidden was vested not in appellant but in his wife are without merit. "Where a man and woman who are married are living together, the husband is the head of the household and it is presumed that contraband found therein was possessed by the head of the household. [Cit.]" *King v. State,* 145 Ga. App. 789 (245 SE2d 310) (1978). Although the courts and the legislature have made "many changes regarding the husband-wife relationship, Code § 53-501 on which this legal principle is predicated remains unamended and inviolate." *Cleveland v. State,* 155 Ga. App. 267 (1980).

3. Over objection, testimony was admitted concerning other similar items of stolen property in appellant's possession discovered during the search which resulted in the recovery of the stolen goods for which appellant was being tried. Appellant urges that this testimony concerning stolen property in his possession other than that for which he was on trial impermissibly placed his character into evidence. We find no error in the admission of this testimony as an exception to the "other transactions" rule. *Martin v. State,* 10 Ga. App. 795 (74 SE 304) (1912).

4. During his closing argument, the assistant district attorney, in commenting on the evidence, made a passing remark to the fact that appellant had been shown to have "a great supply of fitting, pipe fittings and things of that nature inside his residence." Apparently testimony concerning such items had been presented in an evidentiary hearing outside the presence of the jury but, because the items were not shown to have been stolen, the witness had not been allowed to testify concerning "pipe fittings" found in appellant's possession before the jury. At the close of the state's argument, after the jury had retired for a recess prior to being charged, appellant's

counsel moved for a mistrial, urging that this reference to "pipe fittings" in the closing argument was an introduction of "prejudicial matters" not in evidence under Code Ann. § 81-1009. While the jury was in recess the trial court heard from counsel on the motion for mistrial. The assistant district attorney indicated that he remembered testimony concerning pipe fittings but was unable to recall whether it was received before or outside the presence of the jury. The assistant district attorney informed the court that, in the event the testimony had not been admitted into evidence before the jury, he would stand rebuked. The court overruled the motion for mistrial but reserved judgment on whether to give the jury curative instructions before charging the jury. The record indicates that the trial court did not give the jury any specific instruction to disregard the reference in the closing argument to "pipe fittings" but did incorporate in the general charge an instruction that "[e]vidence is all the testimony received from the witnesses and the exhibits admitted during the trial by the Court. It does not include . . . the closing arguments." Appellant enumerates as error the trial court's actions in overruling the motion for mistrial and in failing to give curative instructions to the jury.

Even though the reference to "pipe fittings" in the closing argument may have been a statement concerning a matter not in evidence, we find under the circumstances no evidence that appellant was harmed or prejudiced by the passing reference. *Roberts v. State,* 243 Ga. 604, 608 (11) (255 SE2d 689) (1979). While it is reprehensible to misstate the testimony or facts in evidence during closing argument, "at that point the jury has heard the evidence and hopefully can recognize a misstatement when one is made." *Barnes v. State,* 244 Ga. 302, 308 (260 SE2d 40) (1979). The objection was not made until the close of the entire argument, after the jury had gone into recess. *Culpepper v. State,* 132 Ga. App. 733, 734 (5) (209 SE2d 18) (1974). In our opinion the trial judge, in the exercise of his discretion, could conclude that a specific instruction to the jury to disregard the misstatement of the evidence would, under these circumstances, probably have been more prejudicial to appellant, tending to isolate and emphasize the brief remark. *Jones v. State,* 242 Ga. 893, 895 (4) (252 SE2d 394) (1979). "In ruling on objections to opposing counsel's argument, the trial court is vested with certain discretion which will not be disturbed on appeal except in clear cases of abuse. [Cits.] On appeal, we must rely on the discretion of the trial judge who heard the statements made in the context of the entire argument." *Marshall v. State,* 239 Ga. 101, 104 (236 SE2d 58) (1977). We cannot say that the trial court's general instruction to the jury concerning what was and was not evidence in the case was insufficient

under the circumstances to remove the harmful effect, if any, that the improper remark may have had. Cf. *Newton v. Cohen-Walker-Bailie,* 111 Ga. App. 753 (143 SE2d 14) (1965). We find no reversible error for any reason urged on appeal.

5. It was not error to charge the jury on the law relating to parties to a crime. Such a charge was authorized under the evidence. *Mathis v. State,* 242 Ga. 761, 764 (4) (251 SE2d 305) (1978); *Coleman v. State,* 137 Ga. App. 689, 690 (3) (224 SE2d 878) (1976); *Evans v. State,* 138 Ga. App. 460, 461 (3) (226 SE2d 303) (1976).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JULY 9, 1980 — DECIDED SEPTEMBER 9, 1980.

*W. L. Salter, Jr., Randolph C. Karrh,* for appellant.
*Beverly Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.