## 60696. GETER v. THE STATE.

POPE, Judge.

Appellant appeals his conviction for aggravated assault. He raises four enumerations of error. None is meritorious, and we affirm.

1. Appellant contends that, under the evidence, a reasonable doubt exists as to his guilt. However, the testimony of the victim and an eyewitness was such "that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979). "The credibility of a witness is a matter left to the jury. Code Ann. § 38-1805." *Turner v. State,* 235 Ga. 826, 828-829 (221 SE2d 590) (1976).

2. Appellant moved for a mistrial on the ground that the district attorney, "by innuendo," referred to appellant as a "pimp" in his opening statement. The opening statement apparently was not reported. However, even if the district attorney had referred to appellant as a "pimp," we find no reversible error. The opening statement informed the jury of what the state intended to prove at trial and was not evidence. The evidence established that the victim was working for appellant as a prostitute. This evidence was clearly admissible for the purpose of establishing appellant's motive and intent. *Barnett v. State,* 153 Ga. App. 590 (266 SE2d 277) (1980). "Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue. *Wyatt v. State,* 206 Ga. 613 (57 SE2d 914) (1950); *Light v. State,* 104 Ga. App. 839 (123 SE2d 201) (1961). See generally Agnor's Ga. Evid. 169, § 10-5." *Boling v. State,* 244 Ga. 825, 828 (263 SE2d 123) (1979).

3. In his third enumeration, appellant asserts that the trial court erred in permitting the victim to testify, during direct examination by the State, that she currently resided at the Fulton County Jail and previously had been working for appellant as a prostitute. Appellant argues that his testimony permitted the State to impeach its own witness in violation of Code § 38-1801. The record reveals that the victim never answered the question as to whether she resided at the Fulton County Jail and we therefore will confine our ruling on the merits to the victim's testimony that she was a prostitute working for appellant.

The district attorney's inquiry into the victim's "line of work" was clearly not an attempt to impeach the witness. The victim's testimony was the cornerstone of the state's case. The testimony regarding the victim's prostitute-pimp relationship with appellant was admissible for the purpose of establishing appellant's motive and

intent, notwithstanding the self-incriminating admissions contained therein. "No issue of impeachment of the state's own witness appears to be presented here." *Green v. State,* 242 Ga. 261, 265 (249 SE2d 1) (1978).

4. Appellant asserts that the trial court erred "in failing to charge the jury on impeachment." However, appellant made no written request for such a charge. In the absence of a timely written request, the trial court's failure to charge the jury on the law of impeachment is not reversible error. *Bennett v. State,* 130 Ga. App. 510 (3) (203 SE2d 755) (1973).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 16, 1981.

*Arline S. Kerman,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Jerry Baxter, Assistant District Attorneys,* for appellee.