## 62439. APGAR v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for aiding the escape of four prisoners from the Georgia State Prison. *Held:*

1. The general grounds are asserted.

The state's evidence showed that defendant, a prisoner, delivered prison correctional officers uniform shoulder patches to prisoners sentenced to death. The patches were sewn on shirts used as a disguise by the four prisoners who escaped. Defendant admitted knowing of the planned escape and the delivery of the patches in his pretrial statement and in his testimony, but raised the defense of coercion by evidence that he was threatened with death if he did not deliver the patches.

We find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt.

2. Defendant contends that testimony by witness Isaacs that defendant was a member of a motorcycle club known as the Outlaws was improperly admitted.

Isaacs, also a prisoner, was a state's witness who testified that he planned the escape and of defendant's participation therein. In cross examination he testified that defendant was coerced into supplying

the shoulder patches by threats of death. The prosecution, claiming surprise, was permitted to cross examine Isaacs to impeach, by a prior inconsistent statement, his testimony of coercion. Isaacs admitted that in a pre-trial statement he had made no mention of threats to defendant and stated that the reason defendant was chosen to supply the patches was because defendant and McCorquodale, one of the prisoners planning to escape, had both been members of the Outlaw motorcycle gang and that defendant could therefore be trusted.

Code Ann. § 38-1803 provides: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and the case. Before contradictory statements may be proved against him ... the time, place, person, and circumstances attending the former statement shall be called to his mind with as much certainty as possible; and if in writing, the same shall be shown to him, or read in his hearing, if in existence; and to lay this foundation, he may be recalled at any time . . ."

Our examination of the transcript reveals that the foundation for the introduction of Isaacs' prior contradictory statement met the requirements of Code Ann. § 38-1803 and that the testimony complained of tended to impeach his testimony that he had coerced defendant. Therefore, the trial court did not err in admitting it.

3. The third enumeration claims error because defendant's confession was admitted without the trial court making an initial determination of voluntariness.

When the state began presenting evidence laying the foundation for the admission of defendant's confession, a Jackson-Denno hearing was held at the state's request in which the state established by prima facie evidence that the confession was voluntary. The defendant presented no evidence in the hearing. At the termination of the hearing the trial court did not specifically rule that the confession was voluntary. In the presence of the jury the state again laid the foundation for admission but before presenting the contents of the confession, at the request of the prosecutor, the court affirmed that its ruling at the Jackson-Denno hearing was such that the state could proceed with the contents of the confession. The confession was then admitted over defendant's objection that it was not voluntarily made.

When a Jackson-Denno hearing is held and the defendant is offered the opportunity to present evidence contradictory to the state's prima facie case of voluntariness, the trial court must rule the confession either in or out of evidence. But if "the opportunity is offered and no evidence attacking the veracity of the confession is produced, it is properly admitted." *Schneider v. State,* 130 Ga. App. 3 (3), 6 (202 SE2d 238).

After a Jackson-Denno hearing the trial court's statement that he would admit the confession was "sufficient compliance with the rule laid down in *Cardell v. State,* 119 Ga. App. 848, 853 (168 SE2d 889), citing Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593); Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)." *Andrews v. State,* 139 Ga. App. 712 (229 SE2d 524).

In the instant case, the trial court in effect ruled the confession admissible by authorizing the prosecution to proceed with the contents of the confession and then admitting it over the objection that it was not voluntarily made. Later, the defendant in his testimony admitted the substance of his confession.

Additionally, a Jackson-Denno hearing is not required, nor a ruling on voluntariness, where there is no indication, as in the instant case, that the defendant's confession was not voluntarily made. *Craver v. State,* 246 Ga. 467 (1) (271 SE2d 862). Accordingly, the trial court did not err in admitting the confession.

4. The trial court did not err in refusing to grant a continuance to obtain the testimony of a witness who had not been subpoenaed. Code Ann. § 81-1410 (Ga. L. 1959, p. 342) requires that in all applications for a continuance because of the absence of a witness, it shall be shown that the witness has been subpoenaed. "Where the moving party fails to make a proper showing of the requirements set forth in Code Ann. § 81-1410, the denial of a continuance motion cannot be said to be an abuse of discretion. [Cits.]" *Jones v. State,* 135 Ga. App. 893 (3), 896 (219 SE2d 585).

5. The fifth enumeration has no merit.

6. The witness Jordan should have been permitted to relate the contents of a letter concerning defendant he had received from Isaacs and which he subsequently destroyed, as such testimony qualified as secondary evidence. Code Ann. §§ 38-212, 38-702; *Mulkey v. State,* 155 Ga. App. 304 (270 SE2d 816).

However, any possible error was harmless as Isaacs had already testified that he had sent correspondence to Jordan which stated that Jordan should watch defendant because of a transaction between defendant and friends of Isaacs, and to take care of defendant if he informed prison authorities. "[E]vidence wrongfully withheld is harmless where admissible evidence of the same fact is introduced. [Cits.]" *Patrick v. State,* 150 Ga. App. 266 (1), 267 (257 SE2d 356).

7. In the two remaining enumerations defendant urges as error that the trial court failed to charge on the testimony of an accomplice and on impeachment of a witness by prior criminal record. Defendant neither requested these charges nor objected to their omission.

Where, as here, an accomplice's testimony is not the only evidence connecting defendant to the crime, absent a request a

failure to charge thereon is not error. *Williamson v. State,* 146 Ga. App. 401 (3) (246 SE2d 421).

"In the absence of a timely written request, the trial court's failure to charge the jury on the law of impeachment is not reversible error. [Cit.]" *Geter v. State,* 157 Ga. App. 165 (4), 166 (276 SE2d 676).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*Joseph C. Kitchings,* for appellant.

*Dupont K. Cheney, District Attorney, T. Michael Taff, Assistant District Attorney,* for appellee.