## 63392. PARKER v. THE STATE.

CARLEY, Judge.

This appeal is from appellant's conviction of aggravated sodomy and incest. The alleged victim was appellant's 15-year-old daughter.

1. It is urged that the trial court erred in denying appellant's motion for a directed verdict of acquittal on the charge of aggravated sodomy because no evidence was presented to show that the act was committed with "force and against the will" of the daughter. See Code Ann. § 26-2002. The victim testified that she did not wish to commit the act and that she did not scream because she was afraid that "he might start hitting on me or something." "Lack of resistance, induced by fear, is not legally cognizable consent but is force. [Cit.]" *Derr v. State,* 239 Ga. 582 (1) (238 SE2d 355) (1977). This enumeration of error is without merit.

2. Appellant cites as error the denial of his motion for new trial predicated on the general grounds. Contrary to appellant's contentions, corroboration of his daughter's testimony was not required. *Motes v. State,* 161 Ga. App. 173 (3) (288 SE2d 256) (1982); *Baker v. State,* 245 Ga. 657 (5) (266 SE2d 477) (1980). After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt as to both offenses beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kerr v. State,* 154 Ga. App. 470 (1) (268 SE2d 762) (1980).

3. We find no reversible error in the trial court's refusal upon request to advise, or to appoint independent counsel to advise, appellant's wife and daughter of their right to remain silent in accordance with the privileges afforded them by Code Ann. §§ 38-1604 and 38-1205 (a), respectively. *Wiley v. State,* 150 Ga. App. 607 (1) (258 SE2d 286) (1979). Moreover, the record affirmatively demonstrates that on two occasions prior to trial both witnesses were in fact informed of their respective statutory privilege.

4. During the prosecution's opening statement, the assistant district attorney remarked to the jury that the state intended to prove

"[t]hat shortly [after the occurrence of the charged criminal conduct], the Mother, Mrs. Christine Parker, and the Father, the defendant, Robert Lee Parker, got into an argument about just what had gone on there, that Mr. Parker started to beat Christine Parker and that at that point Ladies and Gentlemen —." At this juncture, appellant moved for a mistrial on the basis that the state's reference to wife beating introduced evidence of uncharged criminal conduct and impermissibly placed appellant's character in issue. Error is enumerated upon the trial court's denial of this motion.

The state's evidence showed that the acts of incest and sodomy occurred in the living room of the family home late one night when the other family members had retired for the evening. Moments after the act of sodomy was completed, appellant's wife unexpectedly entered the room. Appellant hurriedly righted himself but neglected to zip his pants. The wife noticed that appellant's pants were "undone" and when she confronted him with this fact, appellant said "he wasn't doing nothing wrong" and then "slung [his wife] against the wall."

" 'Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae.' [Cits.]" *Mills v. State,* 236 Ga. 365, 367 (2) (223 SE2d 725) (1976); Accord *Cleveland v. State,* 155 Ga. App. 267 (2) (270 SE2d 687) (1980). "Nor does it matter that the act or transaction is another criminal offense and does not tend to establish the main offense. [Cits.]" *Grant v. State,* 141 Ga. App. 272, 275 (233 SE2d 249) (1977). " 'Evidence which is otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue. [Cits.]' [Cit.]" *Geter v. State,* 157 Ga. App. 165 (2) (276 SE2d 676) (1981).

This evidence was admissible as part of the res gestae and, in fact, was admitted into evidence during the trial without objection. "Such evidence being admissible for this purpose, and being afterwards introduced, the statement of the [prosecuting attorney] that the State proposed to introduce such evidence did not furnish a ground for a mistrial." *Waters v. State,* 158 Ga. 510 (5) (123 SE 806) (1924). See also *Pinion v. State,* 225 Ga. 36 (5) (165 SE2d 708) (1969).

5. The victim's mother and a representative from the Department of Family and Children Services were allowed to testify as to the circumstances of the alleged incest and aggravated sodomy as related to them by the victim. Appellant contends that the admission of this testimony over his hearsay objection was error.

The record reveals that the incidents charged in the indictment occurred on Friday night, April 3, 1981. During the scuffle which ensued between appellant and his wife, the victim and her brother fled the house. Although the victim spoke with her mother by telephone on the following Saturday and Sunday, it was not until the

two met on Monday morning April 6, 1981 that the victim informed her mother as to what had happened on the preceding Friday.

The state offered the substance of what the victim related to her mother on Monday about the events that occurred on the previous Friday under the res gestae exception to the hearsay rule. See Code Ann. §§ 38-301 and 38-305. When appellant objected and argued that under the facts of the instant case the proffered testimony did not come within the scope of res gestae, the state cited *Williams v. State,* 144 Ga. App. 130 (240 SE2d 890) (1977) as authority for its admissibility. The trial court overruled appellant's objection and admitted this testimony stating "I think [the mother] is repeating what the other witness said, [the daughter's] testimony."

It is readily apparent that the testimony of the mother constitutes hearsay as defined in Code Ann. § 38-301 and, thus, was inadmissible and without probative value unless it comes within one of the exceptions to the rule. *Higgins v. Trentham,* 186 Ga. 264 (1) (197 SE 862) (1938); *Duke v. State,* 205 Ga. 106, 110 (52 SE2d 455) (1949). It is also apparent that the trial court did not purport to admit this evidence under the res gestae exception to the hearsay rule as initially offered by the state. Nor would the trial court have been justified in so doing. "Tested by well-established rules concerning the res gestae exception, this evidence was not free from suspicion of afterthought but was rather in the nature of narrations of past transaction. The statements were made some [three days] after the [alleged offenses], giving the victim more than ample time to reflect on the occurrence. It is apparent that the victim's statements were made deliberately and were not spoken as a part and parcel of the [alleged offenses]. [Cit.]" *Peebles v. State,* 236 Ga. 93, 95 (2) (222 SE2d 376) (1976). See also Green, The Georgia Law of Evidence § 292, p. 590. Rather, it appears that the trial court, relying on *Williams v. State,* 144 Ga. 130 (2), supra, admitted the evidence on the basis that it was "cumulative" of the daughter's testimony. The fact that inadmissible evidence to which objection is interposed at trial is cumulative of other competent, admissible evidence *is* a factor to be considered on appellate review in determining whether the admission thereof is reversible error. *Glass v. State,* 235 Ga. 17, 19 (218 SE2d 776) (1975). Cumulativeness, however, is *not* an exception to the hearsay rule and certainly affords no basis for an evidentiary ruling at trial. Thus, the trial court erred in admitting this hearsay evidence on the basis that it was cumulative of the daughter's testimony.

This error was exacerbated and compounded by the actions of the trial court in thereafter permitting, over objection, a representative of the Department of Family and Children Services to

also testify as to the circumstances and particulars of the events on that Friday night as related to her by the victim on the following Monday. In seeking to have this evidence admitted the state said "Your Honor, I offer the substance of that conversation for the same purpose as I offered [the mother's] testimony earlier." Again appellant objected on the basis that this testimony was hearsay and did not come within the scope of res gestae as the statements were the product of reflection and afterthought. For the same reasons attributed to the mother's testimony, this testimony was hearsay, not part of the res gestae, and, thus, inadmissible. Likewise, it certainly was not admissible on the basis that it was "cumulative" of the mother's testimony and the daughter's testimony.

The state failed to proffer a legitimate exception, and we are aware of none, for the admission of this challenged hearsay testimony. As appellant did not raise the issue of consent as a defense to the aggravated sodomy charge, this testimony was not admissible for the purpose of rebutting such contentions. Compare *Riddlehoover v. State,* 153 Ga. App. 194 (1) (264 SE2d 666) (1980). The only plausible reason this testimony could have been offered was to bolster and corroborate the testimony of the daughter. In Georgia, as well as most other jurisdictions, the general rule is that a witness' testimony cannot be fortified or corroborated by his own prior consistent statements. See *Stephens v. State,* 156 Ga. App. 859, 860 (3) (275 SE2d 758) (1980); IV Wigmore, Evidence § 1124, p. 255 (Chadbourn rev. 1972). If the rule were otherwise a person might contrive an entirely false account of some occurrence and, after relating this version of the events to several persons, call them in corroboration when at a later time he uttered the same untruthful story on the witness stand. "It can scarcely be satisfactory to any mind to say that, if a witness testifies to a statement today under oath, it strengthens the statement to prove that he said the same thing yesterday when not under oath. . . . The idea that the mere repetition of a story gives it any force or proves its truth is contrary to common observation and experience that a falsehood may be repeated as often as the truth." IV Wigmore, Evidence § 1124, p. 258 (Chadbourn rev. 1972), quoting State v. Parish, 79 N.C. 610, 612-614 (1878). While there are certain exceptions to the rule proscribing evidence of prior consistent statements, they are not applicable under the facts of the instant case. See generally *Crawford v. State,* 139 Ga. App. 347, 350 (3) (228 SE2d 371) (1976); *Tucker v. State,* 244 Ga. 721 (5) (261 SE2d 635) (1979); IV Wigmore, Evidence §§ 1125-1130 (Chadbourn rev. 1972).

Having concluded that the testimony of the mother and the representative of the Department of Family and Children Services

was improperly admitted for a totally erroneous exception to the hearsay rule, we must now determine whether the error necessitates reversal of the convictions. The test for determining whether error not of constitutional dimension is prejudicial is, of course, a familiar one. Regardless of whether there was other independently sufficient evidence to convict appellant, we can find the error harmless only if it is "highly probable that the error did not contribute to the judgment." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976): Accord, *State v. Peabody,* 247 Ga. 580 (4) (277 SE2d 668) (1981). Under the facts of the instant case and after a careful review of the evidence, we cannot say that testimony of these two witnesses did not materially influence the jury or had but very slight effect. The state sought and obtained admission of the hearsay testimony on the ground that it was "cumulative" of the victim's testimony. As discussed above, the admission of the "cumulative" hearsay testimony no doubt had the erroneous and prejudicial effect of bolstering the victim's testimony. We can but assume that the jury considered the inadmissible testimony for the erroneous reason that the state sought its admission and that the trial court assigned in allowing it to be given. Accordingly, it is impossible for this court to find that it is highly probable that the error did not contribute to the jury's verdict. *Peebles v. State,* 236 Ga. 93, supra; *Sanborn v. State,* 159 Ga. App. 608 (1) (284 SE2d 110) (1981). "[A]s the admission of such testimony constituted harmful error, the judgment of the trial court must be reversed." *Harper v. State,* 152 Ga. App. 689 (1) (263 SE2d 547) (1979).

6. During the course of the trial, the trial judge, sua sponte and without objection by appellant, ordered all "children" to leave the courtroom because "this case involves a subject matter that is not appropriate for children." On appeal, it is urged that the exclusion of "children" from the courtroom denied appellant his constitutional right under Code Ann. § 2-111 to a public trial.

" 'By [a public trial] is not meant that every person shall in all cases be permitted to attend criminal trials; because there are many cases where, from the character of the charge and the nature of the evidence by which it is to be supported, the motives to attend the trial on the part of a portion of the community would be of the worst character, and where a regard to public morals and public decency would require that at least the young be excluded from hearing and witnessing the evidence of human depravity which the trial must necessarily bring to light.' " *Moore v. State,* 151 Ga. 648, 654 (108 SE 47) (1921). " 'The presiding judge, in the exercise of a sound discretion, may, without violating this right [to a public trial], exclude from the court-room during the trial, for any sufficient

special reason, such portion of the spectators as fall within the class to which the reason applies.' " *Moore v. State,* 151 Ga. at 655, supra, citing *Tilton v. State,* 5 Ga. App. 59 (62 SE 651) (1908).

Upon the record before us we find no abuse of discretion on the part of the trial court in excluding juvenile spectators from the courtroom and no violation of appellant's right to a public trial. Code Ann. § 81-1006. Accordingly, this enumeration of error is without merit.

7. For the reasons discussed in Division 5 of this opinion, appellant's conviction must be reversed. Remaining enumerations of error not specifically addressed have been considered and found to be without merit or are not likely to recur on retrial.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 21, 1982 —
REHEARING DENIED MAY 6, 1982 —

*William David Cunningham,* for appellant.
*D. L. Lomenick, Jr., District Attorney, H. W. Vaughn, Jr., Ralph L. Van Pelt, Jr., Assistant District Attorneys,* for appellee.