## 58336. WALTON v. THE STATE.

UNDERWOOD, Judge.
Walton was convicted in the Superior Court of Muscogee County of armed robbery. He appeals, contending the evidence was insufficient to support the verdict and that the trial court erred by admitting into evidence his statement to the police which he contends was not voluntarily given.

1. The evidence disclosed that at approximately 11 p.m. on September 13, 1976 a supermarket in Columbus was robbed by two masked men armed with a sawed-off shotgun. The manager, Flournoy, was forced to open the safe and several thousand dollars in bills and coins were taken. Flournoy and three employees were tied and blindfolded. One of the employees, Varlack, who said he had freed himself, untied Flournoy and the other employees. Flournoy tripped a burglar alarm and the police were notified.

Varlack was later implicated as an accomplice in the robbery and made a statement to the police concerning his involvement in the planning and execution of the robbery. A telephone number on a paper in Varlack's possession led police to Walton, whose apartment was searched. Material closely resembling that used for blindfolds in the robbery was found in a garbage can; a .38 caliber Colt pistol belonging to the store and missing after the robbery was found under a sofa cushion in a bedroom; a .22 caliber pistol and a sawed-off shotgun were found under a sofa cushion in another bedroom, and bills and coins totaling approximately $1,632 were found in the apartment and the coins were in wrappers of the type used by the supermarket.

Walton made a statement to the police on September 14, 1979 detailing his participation in the planning of the robbery, as well as indicating that on the night of the robbery he provided a sawed-off shotgun, a .22 caliber pistol and material for a blindfold to one Harris for use in the robbery. According to Walton, the following morning Harris returned the shotgun and pistol.

In a hearing outside the presence of the jury, the detective who took Walton's statement testified that Walton was fully advised of his rights and no promises whatever were made to him. The detective also testified that police director Hicks was present and told Walton "he would talk to the D. A. concerning the matter" of charges against Walton's wife. In the same hearing Hicks testified that when Walton's house was searched drugs were found. He testified further that Walton's wife was arrested, jailed and charged with possession of drugs, and Hicks told Walton that the only way his wife could be released was for him (Walton) to admit that the drugs were his. However, Hicks also testified he made no promises to Walton concerning his wife to induce Walton to make a statement. According to Hicks' testimony, Walton was the one who brought up the subject of drugs, and said his wife knew nothing about them; this information was volunteered by Walton after he had completed his statement about the robbery. The oral statement of Walton was then presented in open court, with omission of the portion relating to drugs.

Walton contends that his statement was induced by a promise to release his wife; however, the evidence does not support his contention and this enumeration is without merit. *Smith v. State,* 218 Ga. 216 (126 SE2d 789) (1962); *Newton v. State,* 132 Ga. App. 873 (209 SE2d 690) (1974).

2. In addition to items used in the commission of the crime and stolen during the robbery being found in Walton's residence, he admitted his involvement in the robbery by supplying the weapons and blindfold material used in the robbery. This is sufficient to make him a party to the robbery. *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367) (1972). After a review of the entire record we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of Walton beyond a reasonable doubt. Jackson v. Virginia, —- U. S. —- (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 24, 1979 — DECIDED OCTOBER 29, 1979.

*Haywood Turner,* for appellant.
*William J. Smith, District Attorney, Tasca A. Williams, Assistant District Attorney,* for appellee.