## 59512. ROLLINS v. THE STATE.

Banke, Judge.

The defendant and her husband were jointly indicted for the armed robbery of a restaurant. On appeal from her conviction, she contends that there was no evidence to establish her involvement and also that tape recordings of certain conversations which she had with an associate named Couey were improperly received into evidence. *Held:*

1. The evidence showed that the defendant drove her husband to the restaurant, drove a few blocks away to await his return, and then escaped with him. There was also evidence showing that she had provided identical services for her husband in previous robberies. This evidence was quite sufficient to support her conviction. See *Fleming v. State,* 149 Ga. App. 781 (1) (256 SE2d 56) (1979).

2. The conversations between Couey and the defendant took place while the defendant was free on bond and Couey was in jail. Couey was scheduled to testify against the defendant at her trial, and the defendant made several visits and phone calls to the jail for the purpose of persuading him to change his testimony. The recordings were made at Couey's urging in order to protect himself against possible charges that he had acted improperly in taking part in the discussions.

The defendant contends that because Couey was cooperating with the police, the conversations amounted to a secret, post-indictment interrogation, which violated

her right to counsel under Massiah v. United States, 377 U. S. 201 (84 SC 1199, 12 LE2d 246) (1964). However, the facts in this case bear little resemblance to those in Massiah. There, incriminating statements were elicited from the defendant in accordance with a pre-arranged plan devised by federal agents. Here, the defendant initiated the conversations, and the police did not become involved until Couey asked them to, at which time the discussions were already in progress. Under these circumstances, the conversations cannot reasonably be characterized as a "secret interrogation." Therefore, we hold that the state was neither required to invite her attorney to the proceedings nor to advise her of her Miranda rights. See generally *Pierce v. State,* 235 Ga. 237 (2) (219 SE2d 158) (1975).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED FEBRUARY 20, 1980 — REHEARING DENIED MARCH 12, 1980.

*Robert B. Adams,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.