## 59800. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of robbery by intimidation. He was sentenced to serve 10 years, 7 years in confinement and the remainder of the sentence to be served on probation. A motion for new trial was filed, based upon the general

grounds and upon newly discovered evidence. After hearing this motion was denied and defendant appeals. *Held:*

The sole basis for the appeal as enumerated error is that the trial court erred in overruling defendant's motion for new trial based upon newly discovered evidence. The trial court was of the opinion, as stated in its order denying the motion for new trial, that the newly discovered evidence was merely cumulative alibi testimony "that a man bearing a close resemblance to Defendant got off a bus in Dallas, Georgia, some six hours before the crime was committed," hence same is not likely to produce a different verdict, citing *Johnson v. State,* 196 Ga. 806 (27 SE2d 749).

The other alibi witnesses offered at the trial were relatives (in-laws) of the defendant, whereas the newly discovered evidence was that of a bus driver who testified that on December 26, 1978, the day the alleged crime occurred, the defendant and his wife and two children exited his bus from Atlanta to Huntsville, Alabama, in the vicinity of Dallas, Georgia, approximately six hours before the alleged crime was committed in Monroe County, south of Atlanta. Also at the hearing on the motion for new trial the defendant offered the testimony of the bus driver's wife to bolster the bus driver's testimony. Over objection by the state, she testified in response to examination by defense counsel as follows: "Q. Mrs. McDaniel, if you will, tell the Court what he related to you when he got home after being gone on the 26th? A. He told me that a young couple rode his bus out to Dallas and got out on the side of the road and they had two small children and their clothes were in a bag and that he didn't feel that those children had a very good Christmas because — just from the appearance of everything, I guess." On cross examination the bus driver did testify that the defendant "bears a close resemblance" to the man who boarded and exited his bus that day with his wife and two children, whom he also identified as having been aboard his bus from Atlanta to Dallas.

It has been held in a number of cases by the appellate courts that it is incumbent upon a defendant requesting a new trial on the ground of newly discovered evidence to satisfy the court "(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit [sworn testimony here] of the witness himself should be procured or its absence accounted for; (6) and that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Burge v. State,* 133 Ga. 431, 432 (66 SE 243), citing *Berry v. State,* 10 Ga. 511, 512 (14). See also *Bell v. State,* 227 Ga. 800, 805(3)

(183 SE2d 357).

Here the evidence as to the bus driver, as an alibi witness, came to the knowledge of the defendant since the trial because of the late investigation of defense counsel. Although the defendant and his wife certainly were aware of the fact that on the 26th they were contending that she and the defendant and their two children had ridden the bus from Atlanta to Dallas some six hours before the robbery occurred, it still may be considered to be questionable as to whether there was "want of due diligence that he did not acquire it sooner" in locating the bus driver. *Bell v. State,* 227 Ga. 800, 805, supra.

As to this testimony's materiality, there is some question as to whether or not it would produce a different verdict since its only effect may be "to impeach the credit of a witness." *Burge v. State,* 133 Ga. 431, 432, supra. Clearly the testimony is merely cumulative as to other alibi witnesses although defendant's counsel contends this alibi witness' testimony is of a higher and different grade in that he is a detached and neutral observer and not a member of defendant's family who might be more readily expected to testify for him. Counsel cites *Johnson v. State,* 196 Ga. 806, supra, which was also cited by the trial court in denying the motion for new trial. However, no case has been cited which holds that where the evidence consists of the testimony of a disinterested witness, this would be of a higher and different grade from that previously given on the same material point. Even so, it would be only one of the six elements which must satisfy the trial court in ordering a new trial.

Under the totality of the evidence considered by the trial court it was within the discretion of the trial court as to whether the same was sufficient to satisfy the various elements listed above. The case before us is entirely different from that of *Bell v. State,* 227 Ga. 800, 805-809, supra, wherein all of the elements had been met and the trial court reversed. Accordingly, we cannot hold that the trial court abused its discretion in reviewing the various elements and denying the motion for new trial here.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted April 16, 1980 — Decided April 30, 1980 —

*W. Franklin Freeman, Jr.,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.