60712. HOOD v. THE STATE.
60713, 60872. ANDERSON v. THE STATE (two cases).

POPE, Judge.

Anderson and Hood were indicted for armed robbery of a bank and aggravated assault of a police officer, tried together and convicted of both offenses. They have filed appeals represented by separate counsel, as well as pro se appeals, all of which will be consolidated for consideration. We find no error for any reason assigned and affirm both convictions.

1. Appellants argue the insufficiency of the evidence to support the verdict in the overruling of their motions for new trial on this ground and the failure to direct a verdict of acquittal. The evidence established that the Lakewood Branch of the Trust Company Bank was robbed by two masked gunmen on March 7, 1979. One gunman vaulted over the tellers' counter with a pillowcase to gather the money while the other gunman, armed with a shotgun, grabbed a woman

customer to use as a hostage and held off a uniformed police officer. After shooting the officer in the head, this man threw down the woman hostage and the shotgun and ran out of the bank to where a third person was waiting in a getaway car. The officer did not lose consciousness and pursued the gunmen out of the bank, firing at them, and thought he had hit one. In the parking lot more gunfire was exchanged and the officer was shot in the arm. The three perpetrators fled the scene in an automobile found shortly thereafter by police near an abandoned house where appellant Hood, who had sustained a gunshot wound to the leg, was apprehended. Hood was given his Miranda rights and questioned by police after signing a waiver form while lying on a stretcher in the hallway at Grady Hospital awaiting treatment; he admitted that he was the gunman who leaped over the tellers' counter and was shot by the police officer. Anderson, who was subsequently arrested, was linked to the getaway car by the owner, his former girl friend, who stated that she had lent it to appellant Anderson. Inside the car were Anderson's fingerprints and driver's license, a loaded revolver and assorted shotgun shells, two pullover caps, some stockings tied at the top and a pair of gloves. Anderson denied any involvement in the robbery, or that he had ever been in the bank or knew where it was. Photographs made by hidden bank cameras during the course of the robbery were introduced in evidence and both appellants were identified by witnesses as the perpetrators. Evidence of a prior armed robbery of a drug store in DeKalb County to which Anderson and Hood had entered pleas of guilty was also introduced.

The evidence was sufficient to support the verdict. Accord, *Rollins v. State,* 153 Ga. App. 848 (1) (267 SE2d 262) (1980); *Walton v. State,* 152 Ga. App. 97 (262 SE2d 252) (1979). It follows that the motion for directed verdict of acquittal was also properly denied. Code Ann. § 27-1802 (a); *Sims v. State,* 242 Ga. 256 (248 SE2d 651) (1978).

2. Anderson contends that the trial court erred in denying his motion to sever because Hood did not testify and Anderson was thus deprived of his rights of confrontation and cross-examination as to Hood's confession implicating him in the crime. However, the judge instructed the jury that they should "consider such admission made by a defendant against that defendant only and not against the other defendant." Anderson has failed to carry his burden of showing prejudice or an abuse of discretion in denying severance by the trial court. Compare *Kates v. State,* 152 Ga. App. 29, 33 (7) (262 SE2d 221) (1979) and *Battle v. State,* 155 Ga. App. 541 (1) (271 SE2d 679) (1980); see Code Ann. § 27-2101.

3. Appellants enumerate as error the trial court's admitting

evidence of Hood's oral confessions that he committed the robbery, contending that because Hood was in pain and under the influence of drugs at the time they were given, the statements were coerced, involuntary and unduly prejudicial to Anderson. A Jackson-Denno hearing was held out of the presence of the jury to determine the voluntariness of the statements during which the state made a prima facie showing of voluntariness; thus the trial court correctly admitted the evidence for a final determination of voluntariness by the jury. The detective who took Hood's statements was cautioned not to mention Anderson by name while testifying and did not do so; therefore, Bruton v. United States, 391 U.S. 123 (88 SC 1620, 20 LE2d 476 (1968) is inapplicable. *Casper v. State,* 244 Ga. 689 (1) (261 SE2d 629) (1979). In the absence of a demonstration that either defendant was denied his right to a fair trial, we refuse to find an abuse of discretion in the court's denial of appellants' motions to suppress Hood's statements. Accord, *Simonton v. State,* 151 Ga. App. 431 (1), (5) (260 SE2d 487) (1979).

4. Our study of the evidence convinces us that the trial court did not err in overruling Hood's motion in limine and allowing the introduction in evidence of similar transactions against both defendants. Both the prior offense (armed robbery of a drugstore in 1976) and the instant armed robbery involved a business open to the public in the metropolitan Atlanta area where money was taken from a cash drawer rather than individuals and appellants operated as a team with one jumping over a counter while the other stood guard. Compare *Rakestraw v. State,* 155 Ga. App. 563 (1) (271 SE2d 696) (1980); *Woodard v. State,* 155 Ga. App. 533 (2) (271 SE2d 671) (1980).

The latest expression of the Supreme Court on this subject is found in *State v. Johnson,* 246 Ga. 654, (272 SE2d 321) (1980), reversing *Johnson v. State,* 154 Ga. App. 793 (270 SE2d 214) (1980), wherein it was stated: " 'Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' . . . The only separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried." Id. at 655.

The jury was fully and correctly charged as to this law. There is no question of the identity of the appellants as the perpetrators of the former crime to which they pled guilty. We think the circumstances surrounding the two crimes were "sufficiently bizarre and analogous so that it may be fairly said that proof that the defendant was involved in one of these capers would tend to prove he was involved in

the other." *Sweeny v. State,* 152 Ga. App. 765, 767 (264 SE2d 260) (1979); see also *McClesky v. State,* 245 Ga. 108 (6) (263 SE2d 146) (1980); *Carroll v. State,* 155 Ga. App. 514 (271 SE2d 650) (1980).

5. The transcript does not support appellants' assertion that a mistrial was required because of a violation of the rule of sequestration by a witness in the courtroom. After this witness (the woman who was held hostage by Anderson) had testified, she was recalled and questioned as to whether she was in the courtroom after the jury was selected and during the introduction of evidence. When questioned by the trial judge, this witness stated that she left the courtroom before the jury selection, but Anderson testified that he saw her "through the whole trial yesterday." No objection was made at the time this witness testified as to what happened to her at the bank during the robbery, and her testimony was indisputably material and relevant. Even assuming that she was present in the courtroom while some evidence was given, the situation here is far different from that in *McGruder v. State,* 213 Ga. 259 (9) (98 SE2d 564) (1957), cited by appellants, where the witness sat through the whole trial and was called in rebuttal after the defendant had established his defense. Under these circumstances, we find no violation of Code § 38-1703 so as to cause an "injurious effect" as claimed by appellants. Accord, *Mize v. State,* 152 Ga. App. 190 (2) (262 SE2d 492) (1979); *Dudley v. State,* 148 Ga. App. 560 (3) (251 SE2d 815) (1978); *Larkins v. State,* 230 Ga. 418 (1) (197 SE2d 367) (1973). "The [appellants'] recourse was to seek instructions from the court informing the jury that the presence of the witness in the courtroom in violation of the rule should be considered in determining the weight and credit to be given to the testimony of the witness." *Wright v. State,* 246 Ga. 531 (1) (268 SE2d 645) (1980).

6. Anderson's attorney attempted to explain why the trial court should not prevent his repeated questioning of the police officer shot during the robbery as to whether the officer knew for a fact that Anderson was one of the perpetrators. The judge stated that when he made a ruling he expected counsel to yield to it, and "If I have made any errors, the Court of Appeals will take care of it." Appellants urge this as prejudicial error. "The argument here is totally without merit. Counsel was attempting to argue with the court after a ruling had been made, and the court merely emphasized the finality of the ruling." *Thomas v. State,* 242 Ga. 712, 714 (251 SE2d 294) (1978). "[T]he remarks complained of were mere abstract references to the appellate courts, and they did not in any way tend to express doubt as to the correctness of any ruling made by the court or suggest to the jury that their responsibility in deciding the issues of the case

could be lightly discharged because of the possibility of an appeal or of consideration of the case by the appellate courts." *Scott v. State,* 229 Ga. 541, 546 (192 SE2d 367) (1972).

7. A purported affidavit attached to Anderson's pro se brief made by his former girl friend who had loaned appellants the getaway car, to the effect that while they were together in the witness room the woman held hostage in the robbery told her that she (the hostage) could not identify appellants as the bank robbers, did not authorize a new trial on the basis of newly discovered evidence. Even if this information is considered as admissible evidence, it affects only the credibility of the witness' trial testimony that Anderson was the person who held her hostage with a shotgun and is insufficient to meet the criteria of *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971). Accord, *Smith v. State,* 154 Ga. App. 485 (268 SE2d 773) (1980).

8. Anderson's in-court identification was not improper for any reason assigned, and indeed, no objection was made thereto at trial. The witness who identified Anderson was the woman hostage. She testified that prior to trial she had given police a description of the man who held her in the bank and had picked out Anderson's picture from a photographic lineup. She had also identified the getaway car. The procedure used was not " ' "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." [Cit.]' " *McCranie v. State,* 151 Ga. App. 871, 873 (261 SE2d 779) (1979). See also, *Johnson v. State,* 153 Ga. App. 398 (2) (265 SE2d 331) (1980).

9. The refusal of the trial judge to dismiss Anderson's retained attorney and appoint another lawyer pursuant to a letter written by Anderson from the jail, and directing Anderson to have his present attorney present all future motions or orders to the court in no way amounted to a failure to exercise judicial discretion as insisted by Anderson.

10. A photograph of Anderson made in the bank about 12 minutes before the robbery was not privileged material, and its introduction in evidence by Anderson's attorney as a defense exhibit did not violate the attorney-client relationship.

11. The trial court did not abuse its discretion in refusing to grant a mistrial because the district attorney in closing argument may have through a slip of the tongue referred to "another bank robbery." Although this complaint was raised by defense counsel at the close of arguments, we are cited to no page in the transcript where the alleged error occurred and our perusal of it discloses no such statement. However, it is clear from the argument and rebuttal that the previous robbery referred to was that of the drugstore in DeKalb County in

1976; "we find under the circumstances no evidence that appellant was harmed or prejudiced by the passing reference." *Richardson v. State,* 155 Ga. App. 664, 665 (272 SE2d 529) (1980).

12. Remaining contentions advanced by both appellants in their pro se appeals either have been abandoned, covered by prior rulings herein made, or are so inarticulated as to defy determination. However, from our review of the entire record and transcript, we have no hesitation in holding that the appellants received an eminently just and fair trial on all the issues raised on appeal, and that the evidence adduced against them authorized the verdicts of guilty beyond a reasonable doubt.

*Judgments affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 19, 1981 —
REHEARING DENIED JANUARY 30, 1981 IN CASE NO. 60712 —

*R. Allen Hunt, Louise T. Hornsby,* for appellants.
Norris Anderson, Jr., *pro se.*
*Lewis R. Slaton, District Attorney, Charles R. Hadaway, Joseph J. Drolet, Assistant District Attorneys,* for appellee.