60675. COVINGTON v. THE STATE.

Pope, Judge.

Covington was convicted of rape and sentenced to life imprisonment. He appeals from the denial of his amended motion for new trial and we affirm.

1. Appellant's arguments that he was denied his right .of confrontation and right to a thorough and sifting cross-examination are not supported by the trial transcript. Counsel for defense was allowed to question the prosecutrix at some length about her willingness to accompany Covington in his truck, and the trial judge's prohibition from further "developing any fascination that the victim may have had for pickup trucks and the people that drive them" was within the discretion of the judge. See *Sullivan v. State,* 222 Ga. 691 (2) (152 SE2d 382) (1966); *Miller v. State,* 155 Ga. App. 587 (3) (271 SE2d 719) (1980).

2. The life sentence is not subject to the objections raised. "A sentence is not unconstitutionally cruel and unusual if it is within the statutory limit. [Cit.] This court is without authority to review sentences within the statutory range." *Bolden v. State,* 148 Ga. App. 315, 316 (5) (251 SE2d 165) (1978); Criminal Code § 26-2001. The legislature has given the judge discretion in sentencing and he has acted within the limits fixed by law. Any question of excessiveness of the sentence should be directed to the sentence review panel as provided by Code Ann. § 27-2511.1; *Robinson v. State,* 150 Ga. App. 642 (7) (258 SE2d 294) (1979).

3. A hearing was held subsequent to appellant's trial and conviction to consider newly discovered evidence that Covington, who had a history of mental problems, was not given his prescribed medicine during the course of the trial. It was contended that the failure to provide him with the tranquilizer Triavil rendered him incompetent to assist in the defense of his case. The transcript of this hearing, however, discloses that aspirin was substituted for the tranquilizer with the permission and approval of a physician and apparently with the knowledge of his parents. Prior to trial, appellant had been examined and found to be criminally responsible and competent to stand trial and at no time thereafter was a

reevaluation sought because of his behavior. Nor has it been shown that this newly discovered evidence was so material that it would probably produce a different verdict or that it could not have been discovered during trial by the exercise of reasonable diligence. We find no abuse of discretion in the overruling of the motion for new trial on this ground. Accord, *Rawlins v. State,* 126 Ga. 96 (5) (54 SE 924) (1906); *Davis v. State,* 153 Ga. 154 (2) (111 SE2d 563) (1922). See *Smith v. State,* 154 Ga. App. 485 (268 SE2d 773) (1980), for standards to be met before a new trial will be granted for newly discovered evidence.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 5, 1981 —

*Kran Riddle,* for appellant.

*Andrew J. Ryan III, District Attorney, William A. Dowell, Assistant District Attorney,* for appellee.