## 63992. EDWARDS v. THE STATE.

DEEN, Presiding Judge.

1. Appellant and his co-defendant Tatum were jointly tried for the homicide of Billy Roberts. Tatum was convicted of murder and Edwards of involuntary manslaughter in the commission of an unlawful act. The evidence establishes that Tatum and Roberts were seen together, that both went to the home of Edwards toward midnight of the night in question; that Edwards that afternoon and evening had been wearing a red shirt, that all three were drinking, that around 1:00 a.m. Edwards and Tatum were again seen at an all night gas station, this time without shirts, that they indicated they had been out on the lake "partying," and that Roberts was not with them. Roberts' body was found in the lake, severely beaten, the next day, with a red T-shirt around his neck and the name David Edwards (appellant's brother) stamped inside. Death resulted from drowning.

Neither defendant testified during the trial. Both defendants made statements admitting presence with the victim at the lake and that they were all drinking heavily. Appellant admitted ownership of the shirt, and on the first taped interview described a fight between the victim and Tatum. At a later taped interview he stated there was fighting between them "and Charlie knocked him off or something. Then a few minutes later they went down towards the lake. Charlie came back up there and said, 'You ready to go?' " and the co-defendants then left the scene. Asked how the victim's body got in the lake appellant said he reckoned it was dragged there by the co-defendant.

Tatum's taped version of the affair was that a quarrel arose between him and the victim over the remarks and he hit him. He then stated that the appellant jumped in and hit him, possibly kicked him, and tied the red shirt around him. "Then he was laying there on the ground and we thought he was dead so we went and put him in the water to get rid of the body."

Both statements agree that the cause of the quarrel was certain slurring remarks made by the victim to Tatum and that the fight first erupted between them, with the appellant then taking off his shirt, apparently becoming involved, and eventually leaving with Tatum after the victim's body had been dragged into the water.

Tatum's incriminatory statements were properly admitted in view of the interlocking nature of the various statements and the cautionary instructions of the trial court. Admissions of a defendant may be considered against that defendant only, and the court correctly so charged. Edwards, like the defendant in *Hood v. State,* 157 Ga. App. 282 (2) (277 SE2d 261) (1981) has not carried the burden

of showing harmful error. Further, there was no motion in this case for severance, as there was in *Hood.*

Considered as a denial of Sixth Amendment rights, the statements are in fact interlocking and thus both are admissible, as each tends to corroborate the other in part, thus distinguishing this case from Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). Parker v. Randolph, 442 U. S. 62 (99 SC 2132, 60 LE2d 713) (1979); *Jones v. State,* 245 Ga. 592, 597-598 (266 SE2d 201) (1980); *Knowles v. State,* 246 Ga. 378, 384 (271 SE2d 615) (1980). No harmful error appears.

2. There was ample evidence to support a finding that the appellant assisted Tatum in the unlawful assault and beating of the victim, that he either tacitly assented to or assisted in throwing the body in the lake, and that he then left the scene with the co-defendant. The ultimate verdict affirms the appellant's guilt as a party to the crime while relieving him of the malice necessary to a murder verdict and of the specific intent to kill which is an ingredient of voluntary manslaughter. The evidence established the defendant's guilt of homicide in some degree beyond a reasonable doubt, and the jurors as rational triers of fact so found, while assessing that guilt in a minimum degree.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 29, 1982.

*James H. Whitmer,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.