A01A1573. PRESLEY v. THE STATE.
(555 SE2d 156)

ELLINGTON, Judge.

A Barrow County jury convicted Dallas Lee Presley of conspiracy to commit aggravated assault, OCGA §§ 16-4-8; 16-5-21 (a), and

---

delivery of a firearm to an inmate, OCGA § 42-4-13 (d) (1) (A). Following the denial of his motion for a new trial, Presley appeals, challenging the form of the indictment, the admission into evidence of his inculpatory statement, and the sufficiency of the evidence. Finding no error, we affirm.

1. Presley contends the trial court erred in admitting his custodial statement. A custodial statement is admissible only if it was made "voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. "To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances." (Citation and punctuation omitted.) *Gober v. State*, 264 Ga. 226, 228 (2) (b) (443 SE2d 616) (1994). See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). "The trial court sits as the factfinder in a *Jackson-Denno* hearing, and its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous." (Citation omitted.) *York v. State*, 242 Ga. App. 281, 292 (6) (528 SE2d 823) (2000). A statement may be voluntary even where, as here, the suspect has a limited education. *Rachel v. State*, 247 Ga. 130, 132-133 (2) (274 SE2d 475) (1981); *Gilham v. State*, 232 Ga. App. 237, 239-240 (2) (501 SE2d 586) (1998); *Newsome v. State*, 180 Ga. App. 243, 244 (3) (348 SE2d 759) (1986).

We have reviewed the videotaped interview and the testimony of Presley and the investigator. Under the totality of the circumstances, the trial court's conclusion that the custodial statement was made freely and voluntarily was not clearly erroneous. *Selley v. State*, 237 Ga. App. 47, 49 (3) (514 SE2d 706) (1999) (statement voluntary despite promise to tell the prosecutor that defendant cooperated); *Anderson v. State*, 224 Ga. App. 608, 610 (1) (481 SE2d 595) (1997) (statement voluntary despite suggestion that defendant's girlfriend might otherwise be charged as an accessory to the crime). See *Walton v. State*, 152 Ga. App. 97, 98-99 (1) (262 SE2d 252) (1979) (evidence did not show that custodial statement was induced by a promise to release defendant's wife).

2. In related enumerations, Presley attacks his conviction for conspiracy to commit aggravated assault.

(a) First, Presley contends that Count 1 of the indictment as to conspiracy to commit aggravated assault was fatally defective, in failing to identify a specific victim. Count 1 of the indictment charged Presley of conspiring with Emory Wayne Cochran, an inmate awaiting trial on a capital murder charge,

> to commit the crime of aggravated assault on a peace officer
> by planning to take control of a Barrow County peace officer,
> using a handgun, a deadly weapon, and did commit an overt

act to effect the object of the conspiracy, to wit: a) [Cochran] and [Presley] planned Cochran's escape from the Barrow County jail; b) [Cochran] communicated with [Presley] after Presley was released from jail about placing a gun in the Barrow County Law library; c) [Cochran] requested to go to the Law library; d) [Presley] placed a gun in the Law library; e) [Cochran] checked the prearranged location for the gun at the Law library; f) [Cochran] possessed a homemade handcuff key on his person that would release his restraints.

Presley contends "[i]ndictments alleging crimes against persons, [including conspiracy to commit aggravated assault,] are required to name the intended victim," citing *Irwin v. State*, 117 Ga. 722 (45 SE 59) (1903); *Dennard v. State*, 243 Ga. App. 868 (534 SE2d 182) (2000). Presley contends this requirement is the only check on "the imagination of the prosecuting attorney" who otherwise could have charged him with every crime that could be committed against a person with a weapon multiplied by as many counts of each charge as the number of people who conceivably could have been victimized.

We are not concerned, however, with the multiplicity of possible indictments the State's attorney could have imagined, but with the indictment the State actually took to trial.

> The purpose of the indictment is to allow the defendant to intelligently prepare his defense and protect him from double jeopardy. A post-conviction review of an allegation of a defective indictment is one of harmless error. A defendant who was not misled to his prejudice by any alleged imperfection cannot obtain a reversal of his conviction on this ground.

(Citation omitted.) *Bullard v. State*, 242 Ga. App. 843, 849 (9) (530 SE2d 265) (2000). See also *Grant v. State*, 227 Ga. App. 88, 91 (1) (488 SE2d 79) (1997). The indictment at issue here informed Presley that the State intended to prove that he placed a handgun in the law library with the intention that Cochran use it to take control of a Barrow County peace officer in order to escape from the jail. Because the conspiracy was not limited to assaulting a *particular* Barrow County peace officer, but extended to whoever stood between Cochran and freedom, the indictment did not need to specify a particular victim. Presley has not shown that the indictment failed to apprise him of the offense he had to defend against or that the language of the indictment leaves him open to future prosecutions for the same offense. Accordingly, the trial court did not err in denying Presley's special demurrer. *Franklin v. State*, 243 Ga. App. 440, 441-

442 (533 SE2d 455) (2000). See also *Dennard v. State*, 243 Ga. App. at 877 (2).

(b) Next, Presley contends that the evidence was insufficient to convict in that "[t]here was no evidence, other than pure speculation, that there was a plan to commit an aggravated assault against a peace officer or anyone else." Viewed in the light most favorable to the jury's verdict,[1] the evidence showed that in February 2000 Presley was released from the Barrow County jail after spending two weeks sharing a cell with Cochran. Presley and Cochran exchanged letters and telephone calls. In March 2000, investigators learned that Cochran was planning to escape from jail before his murder trial and that he wanted someone to hide a loaded handgun in the courthouse law library for him to use. In the course of setting up a trap for Cochran, investigators found that someone had already hidden a loaded handgun in the law library. The investigators removed the loaded handgun and replaced it with a "dummy" gun. Cochran submitted a request to use the law library on the following Saturday. On March 31, 2000, investigators intercepted a telephone call in which a friend of Presley's, at Presley's request, told Cochran, "It is there. Everything is okay. We got it taken care of," or words to that effect. The next day, two officers escorted Cochran to the law library. By hidden camera, investigators observed Cochran check the location where the loaded handgun had been hidden. Investigators found Presley's name and address among Cochran's possessions. After learning of a warrant for his arrest, Presley turned himself in and confessed to hiding the handgun in the law library in furtherance of Cochran's plan to escape. The location where Presley said he placed the loaded handgun matched where the investigators found the gun.

The evidence was sufficient to enable a rational trier of fact to find Presley guilty beyond a reasonable doubt of the crime charged. *Duffy v. State*, 262 Ga. 249, 251 (3) (416 SE2d 734) (1992).

3. Presley contends the evidence was insufficient to convict him of delivery of a firearm to an inmate in that the crime was not completed. The record shows that the trial court amended the judgment by merging the conviction for delivery of a firearm to an inmate into the conviction for conspiracy to commit aggravated assault. See *Buice v. State*, 272 Ga. 323, 324-325 (528 SE2d 788) (2000) (a superior court has the inherent power, on its own motion, to revise, revoke, or vacate any of its judgments or rulings during the term of court at which the judgment is rendered). Because the trial court merged this count into the conspiracy count for sentencing, the delivery of a firearm to an inmate conviction stands vacated by operation

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

of law, and Presley's contentions as to this conviction are moot. *Wilkins v. State*, 246 Ga. App. 667, 670 (6) (541 SE2d 458) (2000); *Miller v. State*, 223 Ga. App. 453, 454 (2) (477 SE2d 878) (1996).

 *Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 10, 2001 — 

*William D. Healan III*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.