A02A2099. PINCKNEY v. THE STATE.
(576 SE2d 574)

ANDREWS, Presiding Judge.

We granted Antonio Terrell Pinckney's application for interlocutory review of the superior court's order denying his motion to suppress certain statements he made to police. For reasons which follow, we conclude that the trial court correctly determined that Pinckney was not in custody when he gave his statements to the officers, and that he made the statements voluntarily.

After receiving reports that Pinckney had molested a neighbor's eight-year-old child, officers called eighteen-year-old Pinckney and

asked him to come to the station for an interview. Pinckney scheduled a time for the interview, but had transportation problems and was unable to get to the station. The officers then called him and asked if they could make an appointment to come by and talk to him at his apartment. Pinckney agreed. When the two police officers arrived, other family members were in the apartment with Pinckney. The officers asked Pinckney to come sit in their car so that the family would not hear the conversation. The car was not a marked police unit and Pinckney sat in the back seat of the unlocked car, and the two officers sat in the front. The statement was audiotaped.

In it, Pinckney said that he went to his neighbors' apartment to retrieve two videogames they had borrowed from him. He went upstairs to look in a closet where they usually stored the games and the neighbors' eight-year-old daughter was standing by the closet as he looked for the games. Pinckney was wearing low-riding, baggy pants tied tightly with a rope. He initially told the police that his pager beeped and when he bent over to answer it, the rope of his pants snapped and his pants fell down. At that point, the neighbors' son walked in and saw Pinckney with his pants down.

The officers then told Pinckney that if anything else had happened, he should tell them. They emphasized that even though Pinckney might not have meant to do anything wrong, a young child could be psychologically harmed by being exposed to sexual matters and that they could get help for her. Pinckney eventually stated that the eight-year-old girl had run up to him while he was standing in the closet and jumped on his back. He admitted that he pulled her into the closet and shut the door. He said that they kissed, that she started to pull her panties down, and that he pulled them down all the way. He admitted fondling her buttocks. Pinckney changed his story about how his pants fell down, stating that the rope snapped as he stood up when someone walked in on them.

At the end of the interview, the officers thanked Pinckney for his honesty and told him he was free to go. Pinckney was later arrested and charged with one count of child molestation. Pinckney moved to suppress the entire statement on the basis that the officers never gave him *Miranda* warnings. Pinckney also argued that, with or without *Miranda* warnings, his statement was not voluntarily given.

After holding a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court found that Pinckney was not in custody at the time of questioning, and that his statement was freely and voluntarily given. This appeal followed.

1. First, Pinckney contends that the trial court erred in finding that his statement to the police officers was noncustodial and thus the officers were not required to give the warnings otherwise required by *Miranda*. "The issue of whether one is in custody for

*Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous." (Citation and punctuation omitted.) *Sims v. State*, 242 Ga. App. 460, 462 (530 SE2d 212) (2000). In resolving this issue, the relevant inquiry is whether "there has been such a restriction on a person's freedom as to render him 'in custody.' " *Oregon v. Mathiason*, 429 U. S. 492, 495 (97 SC 711, 50 LE2d 714) (1977) (per curiam). "In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." (Citation and punctuation omitted.) *Stansbury v. California*, 511 U. S. 318, 322 (114 SC 1526, 128 LE2d 293) (1994). "Nor is the requirement of warnings to be imposed simply because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.' " (Citation and punctuation omitted.) Id. at 324.

Pinckney argues that the facts and circumstances show that he was in custody for *Miranda* purposes. He points out that he was only 18, that officers made several phone calls to him, that he knew he was the object of the investigation, and that he was sitting in the unlocked police car at the time of the confession.

A reasonable person test applies to determine whether an individual not formally arrested is nevertheless in custody for *Miranda* purposes. This occurs if, but only if, a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest. A reasonable person has been defined as one neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances.

(Citation and punctuation omitted.) *Turner v. State*, 233 Ga. App. 413, 415 (504 SE2d 229) (1998).

After reviewing the transcript, we find nothing which would have caused a reasonable person in Pinckney's situation to believe that he was under arrest. The officers called Pinckney and made an appointment to come and talk to him. One of the officers testified that he told Pinckney he was not under arrest at the start of the interview and that they just wanted to talk to him. The officer does not remember specifically adding that Pinckney was free to get out of the car at any time, but he testified that he usually tells people that they are not under arrest and are free to leave. The car was an ordi-

nary car, not a marked police car, and it was unlocked. The transcript of the interview shows that the officers were kind and courteous throughout the interview, never overbearing. This was not the coercive environment "to which *Miranda* by its terms was made applicable, and to which it is limited." (Punctuation omitted.) *Woods v. State*, 242 Ga. 277, 281 (248 SE2d 612) (1978), quoting *Mathiason*, supra at 495.

Contrary to Pinckney's argument, a person is not in a state of custody merely because he is a suspect at the time he is questioned. *Stansbury*, supra; see *Vaughn v. State*, 261 Ga. 686, 687 (2) (410 SE2d 108) (1991). It is immaterial whether the police had probable cause to arrest or even intended to charge Pinckney with the crime at the time of the interview, because they did not communicate this to Pinckney at the interview. *State v. Brannan*, 222 Ga. App. 372, 375-376 (474 SE2d 267) (1996); see also *Stansbury*, supra. Therefore, a reasonable person in Pinckney's situation would have no reason to believe that he was being physically deprived of his freedom of action in a significant way. *Brannan*, supra at 374.

Alternatively, Pinckney argues that he was "in custody" for *Miranda* purposes after he confessed to the crime. He claims that a reasonable person, having just confessed to a crime, would believe himself under arrest. We fail to see how this helps Pinckney's contention that his statement should be suppressed; if he was not "in custody" for *Miranda* purposes until after he made his confession, there are no grounds for suppressing the statement. Further, this Court has held that even though a statement provided sufficient probable cause to arrest, this "does not inversely show that [the defendant] was under arrest *prior* to making the statement so as to trigger *Miranda*." *Gabbard v. State*, 233 Ga. App. 122, 123 (503 SE2d 347) (1998).

2. Pinckney next argues that even if he was not in custody for *Miranda* purposes, the statement he gave was not voluntary and thus should have been suppressed. A confession is only admissible if it was made voluntarily, that is, without being induced by another by the slightest hope of benefit or remotest fear of injury. OCGA § 24-3-50. "To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances." (Citation and punctuation omitted.) *Presley v. State*, 251 Ga. App. 823, 824 (555 SE2d 156) (2001). "[F]actual and credibility determinations made by a trial judge after a voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous." (Footnote omitted.) *Jenkins v. State*, 251 Ga. App. 76, 77 (553 SE2d 378) (2001).

Although Pinckney argues on appeal that this was a false confession, made because he wanted to "please" the officers by telling them

what they wanted to hear, we find no evidence in the record to support the contention that the confession was false.

Pinckney also argues that one of the officers deliberately misled him. At one point during the questioning Pinckney was asked: "Did you touch her anywhere?" He replied, "No, sir." The officer said, "[O]kay, I mean, if you did, I mean, you know, you're not in any danger at this point." At which point Pinckney said, "I started touching her." Pinckney argues that the statement, "[Y]ou're not in any danger at this point," promised some offer of benefit.

We disagree. Assuming this statement was misleading, the law is well settled that the use of trickery or deceit to obtain a confession does not render it inadmissible. *Moore v. State*, 230 Ga. 839, 840 (199 SE2d 243) (1973). The test is whether the means employed are calculated to procure an untrue statement. Id. If the means employed constitute the slightest hope of benefit or remotest fear of injury, then the confession may be rendered inadmissible. The term "hope of benefit" generally refers to a reward of lighter punishment. *State v. Ritter*, 268 Ga. 108, 109 (485 SE2d 492) (1997).

Here, the officer's statement cannot be construed as offering a reward of lighter punishment if Pinckney confessed. In addition, as previously discussed, the officers made no threats during the interview and were never abusive; but rather, just the opposite. Accordingly, the trial court's conclusion that the confession was voluntary was not clearly erroneous.

*Judgment affirmed. Phipps, J., concurs. Mikell, J., concurs in the judgment only.*

DECIDED JANUARY 9, 2003 —
RECONSIDERATION DENIED JANUARY 28, 2003 —

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.